KING, C. J„ for the Court.
¶ 1. Johnny Halderman appeals his conviction of possession of precursor chemicals with the intent to manufacture methamphetamine with a sentence enhancement for possession of firearms at the time of the offense. The trial court sentenced Halderman to twenty years’ imprisonment. Halderman contends that the trial court erred in denying his motion to suppress and in admitting certain testimony and photos that he claims gave the jury the impression that the defendant used and manufactured methamphetamine. Finding no error, the Court affirms.
*1165 FACTS AND PROCEDURAL HISTORY
¶ 2. On September 8, 2008, the Attala County Sheriffs Office received a call from the Department of Human Services (DHS) regarding a complaint of methamphetamine manufacturing in the presence of a child at a residence near Ethel, Mississippi. Deputies from the sheriffs office and agents with the Mississippi Bureau of Narcotics drove to the residence searching for the suspect named in the complaint received by DHS. No one was home, so the officers began to question the neighbors. A neighbor suggested that the officers search a trailer in another neighborhood because the suspect had friends who lived there.
¶ 3. Upon arriving at the trailer, one of the officers approaching the front door smelled ether. Halderman’s girlfriend, Monica Baker, answered the door. The officers questioned her briefly, and she informed them that Halderman was sleeping in the back bedroom. Baker’s young son was also present. Baker woke up Halderman, and the officers asked them both to step outside.
¶ 4. Once outside, the officers asked Halderman for permission to search the trailer. Halderman signed a written consent form, and the officers searched the trader. The officers found several precursor chemicals and a number of firearms inside the trailer. The officers then arrested both Halderman and Baker.
¶5. The grand jury indicted Halder-man in September 2003 for possession of precursor chemicals with intent to manufacture methamphetamine. His trial, originally scheduled for September 2004, was continued until March 2005. The indictment was amended in March 2005 to include the sentence enhancement for possession of firearms at the time of the offense.
¶ 6. Following a jury trial, the jury found Halderman guilty of possession of precursor chemicals with the intent to manufacture methamphetamine. The jury also found that Halderman possessed a firearm at the time of the offense. The trial court sentenced Halderman to twenty years imprisonment. Following the trial court’s denial of Halderman’s motion for judgment notwithstanding the verdict and/or motion for a new trial, Halderman filed this appeal.
ANALYSIS
¶ 7. Halderman raises two issues on appeal. First, Halderman argues that the trial court erred in denying his amended motion to suppress the evidence seized during the search of the trailer. Second, Halderman argues that the trial court erred in denying his motion in limine to exclude certain testimony and photographic evidence that he claims gave the impression that Halderman used and manufactured methamphetamine.
1. Amended Motion to Suppress
¶ 8. Halderman argues that he had no possessory interest in the trailer; therefore, his consent to search the trailer was not valid. Halderman further argues, however, that his presence in the trailer as a guest of Baker’s gave him an expectation of privacy. The State contends that if Halderman was not claiming a possessory interest in the trailer, then he has no standing to contest the search. Alternatively, the State argues that if Halderman did have standing to challenge the search, he waived his rights by signing a valid consent form.
¶ 9. The trial court ruled that Halder-man, having disclaimed any possessory interest in the property, had no standing to challenge the search of the trailer. Addi *1166 tionally, the trial court ruled that Halder-man had no expectation of privacy as a guest in the trailer. See Hopson v. State, 625 So.2d 395, 401 (Miss.1993) (citing Raleas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)). The trial court also held that even if Halderman had standing to challenge the search, he signed a consent form that gave the officers permission to search the trailer, thereby waiving any right he had to contest the search.
¶ 10. This Court holds that the trial court correctly determined that Hald-erman had no standing to challenge the warrantless search. Halderman testified that he recently had moved and did not live in the trailer. He also testified that he received his mail at a different address. While he admitted to paying rent and some utilities for his girlfriend, Baker, he maintained that he did so to assist her because she had a small child. Because Halderman disavowed any possessory interest in the property, he has no standing to challenge the search. Id.
¶ 11. Even if Halderman had standing to challenge the warrantless search, the Court finds that the trial court did not err in determining that the signed consent was valid to waive the warrant requirement under the Fourth Amendment. See, e.g., Moore v. State, 933 So.2d 910, 917-918 (¶¶ 18-25) (Miss.2006). The two officers that explained the consent form to Halderman and witnessed his signing of the form testified that the form was completed prior to Halderman’s signing and that Halderman consented to a search of the trailer. Halderman’s statement that the form was blank when he signed it and that he agreed only to a search of his vehicle was the only testimony that contradicted the officer’s testimony. Id. at 918(¶ 24) (citing Jones v. State, 607 So.2d 23 (Miss.1991)). Accordingly, even if Halderman did have standing to challenge the search, he waived his right to do so when he signed the consent to search form.
¶ 12. The trial court’s ruling to deny the amended motion to suppress is affirmed.
2. Motion in Limine
¶ 13. Halderman’s motion in li-mine sought to exclude photographs, items and testimony regarding methamphetamine and methamphetamine residue found in certain items seized from the house. Citing Mississippi Rules of Evidence 404(b) and 403, Halderman argues that the evidence was character evidence and highly prejudicial, as it related to possession and manufacture of methamphetamine, neither of which was charged in the indictment.
¶ 14. The trial court held that because possession of the precursors themselves are not illegal under the statute without the intent to manufacture methamphetamine, the evidence was admissible to show intent. The trial court permitted the introduction of testimony regarding the presence of methamphetamine and methamphetamine residue and the introduction of photographs that showed items often used in the manufacturing of methamphetamine. The trial court did exclude testimony from an officer that Halderman was known to be “a meth cook” and several photographs.
¶ 15. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. See Farris v. State, 764 So.2d 411, 428(¶ 57) (Miss.2000). Accordingly, the reviewing court may reverse a case only if “the admission or exclusion of evidence ... results in prejudice and harm or adversely affects a substantial right of a party.” Id. (citation omitted).
*1167 ¶ 16. The Court holds that the trial court did not abuse its discretion in admitting the testimony and evidence. Nothing in the record indicates that the admission of that particular evidence prejudiced Halderman’s defense or substantially affected his rights. Moreover, Halderman’s appellate brief contains no record citations that indicate that the admission of the evidence impacted his rights as a defendant, other than to argue generally that the evidence portrayed Halderman as a methamphetamine user and manufacturer and that this portrayal was prejudicial because it forced Halderman to defend himself against crimes for which he was hot charged. The Court finds that the trial court was within its discretion to admit the photographic evidence and testimony for the purposes of establishing intent. Accordingly, this issue is without merit.
¶ 17. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF PRECURSOR CHEMICALS WITH THE INTENT TO MANUFACTURE METHAMPHETAMINE, SENTENCE ENHANCEMENT FOR POSSESSION OF FIREARMS AT THE TIME THE OFFENSE WAS COMMITTED, AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.